# Commonwealth *v.* J. G. Brill Co., Appellant.

*Taxation — Corporations — Capital stock —Foreign corporation stock—Constitutional law—Fourteenth Amendment, U. S. Constitution.*

1. In determining the amount on which the capital stock tax is to be assessed against a domestic corporation, it is proper to include the value of the shares of stock of a foreign corporation, owned by the former, even though such ownership includes all of the shares which the latter has issued.

2. The 14th Amendment to the Constitution of the United States does not prevent the inclusion of the value of such shares, since they are intangible property whose situs is the domicile of their owner.

Argued May 26, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 26, May T., 1926, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1925, No. 144, for Commonwealth, in case of Commonwealth v. The J. G. Brill Co.   Affirmed.

Appeal from tax settlement.   Before HARGEST, P. J.
The opinion of the Supreme Court states the facts.
Judgment for Commonwealth.   Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*G. R. Hull,* of *Snyder, Miller & Hull,* for appellant.— A Pennsylvania corporation is not liable for tax upon that part of its capital stock represented by the shares of a subsidiary corporation when it owns all of the shares of such subsidiary, controls, manages, operates and finances it as a mere branch or department of its own business, when the ownership of such shares is merely a means by which the property of the subsidiary is owned

and controlled and when that property lies entirely beyond the taxing jurisdiction of Pennsylvania: Com. v. Airbrake Co., 251 Pa. 12.

*Philip S. Moyer,* Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 26, 1926:

Defendant, a domestic corporation, appeals from a judgment of the court below determining the amount of its capital stock tax for 1924. At the trial, appellant objected to any consideration being given to the value of the stock of three foreign corporations, whose shares were all owned by it. The three were engaged in the same business as appellant, and were in reality its subsidiaries, though two of them had charter powers not possessed by defendant. The court below included the value of those shares, and its so doing is the only complaint now made. In its statement of the question involved, appellant still further limits its appeal to the inquiry whether or not that inclusion was forbidden by the 14th Amendment to the Constitution of the United States; and this limitation, under our rules, is binding on it: Garvey v. Thompson, 268 Pa. 353; Southmont Borough v. Upper Yoder Township, 284 Pa. 287.

We have answered that question adversely to appellant, in our opinion in Com. v. Sunbury Converting Works, 286 Pa. 545, to which we refer for our reasons. There are two distinctions between that case and this one, both immaterial so far as concerns the application of the 14th Amendment. There, the foreign corporation was not an operating subsidiary of defendant; here the three foreign corporations are. There the assets of the foreign corporation were all extra-territorial tangible property; here more than one-third of the assets of the three subsidiaries is intangible property. If, as contended by appellant, the charters of the three foreign corporations are but mere fictions, and their

assets belong corporeally to defendant, it is not possible to understand why at least those intangibles should not be included in determining the total amount of assets upon which defendant's capital stock tax should be assessed; nevertheless it claims they cannot be. This is in effect saying, as pointed out in the case cited, that the three foreign charters are to be held to be mere fictions, in order that defendant may escape liability to a capital stock tax which shall include the value of the shares, and to be essential facts to enable it to escape liability on its ownership of their intangible property.

The judgment of the court below is affirmed.