GENERAL ELECTRIC COMPANY, Respondent, *v.* MASTERS, INC., Appellant.

LIONEL CORPORATION, Respondent, *v.* S. KLEIN ON THE SQUARE, INC., Appellant.

RAXOR CORPORATION et al., Respondents, *v.* SAM GOODY, Appellant.

Argued April 19, 1954; decided June 4, 1954.

*Leon Lauterstein, Joseph F. Ruggieri, Jacob L. Isaacs* and *Paul C. Guth* for appellant in first above-entitled action. I. The Feld-Crawford Act constitutes a delegation of legislative power to private persons in violation of section 1 of article III of the State Constitution. (*Doubleday, Doran & Co.* v. *Macy & Co.*, 269 N. Y. 272; *Old Dearborn Co.* v. *Seagram Corp.*, 299 U. S. 183; *Bourjois Sales Corp.* v. *Dorfman*, 273 N. Y. 167; *Sunbeam Corp.* v. *Wentling*, 185 F. 2d 903; *Schwegmann Bros.* v. *Calvert Corp.*, 341 U. S. 384; *Dr. Miles Medical Co.* v. *Park & Sons Co.*, 220 U. S. 373; *Sunbeam Corp.* v. *Wentling*, 192 F. 2d 7.) II. The Feld-Crawford Act deprives appellant of liberty and property and of the equal protection of the laws in violation of sections 6 and 11 of article I of the State Constitution and the Fourteenth Amendment of the Federal Constitution. (*Good Humor Corp.* v. *City of New York*, 290 N. Y. 312; *Fisher Co.* v. *Woods*, 187 N. Y. 90; *Schnaier* v. *Navarre Hotel & Importation Co.*, 182 N. Y. 83; *People ex rel. Tyroler* v. *Warden of City Prison*, 157 N. Y. 116; *People* v. *Marx*, 99 N. Y. 377; *New State Ice Co.* v. *Liebmann*, 285 U. S. 262; *Allgeyer* v. *Louisiana*, 165 U. S. 578; *People* v. *Budd*, 117 N. Y. 1; *Columbia Records* v. *Goody*, 278 App. Div. 401.) III. Conceding, *arguendo*, that the Feld-Crawford Act is constitutional, General Electric's fair trade contracts do not comply with the requirements of that act. (*General Elec. Co.* v. *Macy & Co.*, 199 Misc. 87; *Allen Bradley Co.* v. *Union*, 325 U. S. 797; *Masters, Inc.*, v. *Sunbeam Corp.*, 112 F. Supp. 268; *Roth-*

*baum* v. *Macy & Co.*, 280 App. Div. 530; *Bristol-Myers Co.* v. *Picker*, 302 N. Y. 61; *Kline, Inc.*, v. *Davega-City Radio*, 168 Misc. 185; *Gillette Safety Razor Co.* v. *Green*, 167 Misc. 251, 258 App. Div. 723.) IV. Assuming, *arguendo*, that the Feld-Crawford Act is constitutional, General Electric's nationwide price-fixing system, which directly affects interstate commerce, is not authorized by that statute. (*United States* v. *Frankfort Distilleries*, 324 U. S. 292; *People* v. *Bootman*, 180 N. Y. 1; *People* v. *Buffalo Fish Co.*, 164 N. Y. 93; *Matter of Rahrer*, 140 U. S. 545.) V. The McGuire Act constitutes an unconstitutional delegation of congressional power over commerce to the States. (*Henderson* v. *Mayor of New York*, 92 U. S. 259; *Simpson* v. *Shepard*, 230 U. S. 352; *Milk Bd.* v. *Eisenberg Co.*, 306 U. S. 346; *Edwards* v. *California*, 314 U. S. 160; *Parker* v. *Brown*, 317 U. S. 341; *Southern Pacific Co.* v. *Arizona*, 325 U. S. 761; *Dean Milk Co.* v. *Madison*, 340 U. S. 349; *Sunbeam Corp.* v. *Wentling*, 185 F. 2d 903.) VI. The McGuire Act delegates legislative power to private persons in violation of section 1 of article I of the Federal Constitution and contravenes the due process guarantees of the Fifth Amendment thereof. (*Panama Refining Co.* v. *Ryan*, 293 U. S. 388; *Schechter Corp.* v. *United States*, 295 U. S. 495.) VII. General Electric's price-fixing system falls within the prohibitions of the Sherman Act. (*Mandeville Farms* v. *Sugar Co.*, 334 U. S. 219; *United States* v. *Women's Sportswear Assn.*, 336 U. S. 460; *United States* v. *General Motors Corp.*, 121 F. 2d 376, 314 U. S. 618; *United States* v. *Chrysler Corp.*, 180 F. 2d 557.)

*Sidney A. Diamond* for appellant in second above-entitled action. I. The Feld-Crawford Act is unconstitutional under the State and Federal Constitutions; the McGuire Act is unconstitutional under the Federal Constitution. (*Fisher Co.* v. *Woods*, 187 N. Y. 90; *Near* v. *Minnesota*, 283 U. S. 697; *Wolff Co.* v. *Industrial Court*, 262 U. S. 522; *Coppage* v. *Kansas*, 236 U. S. 1; *Lawton* v. *Steele*, 152 U. S. 133; *Minnesota* v. *Barber*, 136 U. S. 313; *Schwegmann Bros.* v. *Louisiana Bd. of Alcoholic Beverage Control*, 216 La. 148; *Nebbia* v. *New York*, 291 U. S. 502; *Yakus* v. *United States*, 321 U. S. 414; *Schechter Corp.* v. *United States*, 295 U. S. 495; *Dr. Miles Medical Co.* v. *Park & Sons Co.*, 220 U. S. 373; *Coty, Inc., of N. Y.* v. *Hearn Dept. Stores*, 158 Misc. 516; *Doubleday, Doran & Co.* v. *Macy & Co.*, 158 Misc. 267, 269

N. Y. 272; *Seeck & Kade* v. *Tomshinsky*, 269 N. Y. 613.) II. The purported price-fixing agreements made by the plaintiff fail to comply with the requirements of the Feld-Crawford Act and the McGuire Act. (*Smith* v. *Rector of St. Philip's Church of City of N. Y.*, 107 N. Y. 610.) III. Plaintiff is not entitled to injunctive relief on the facts in this case. (*Baumann* v. *Baumann*, 250 N. Y. 382; *Sunbeam Corp.* v. *Payless Drug Stores*, 113 F. Supp. 31.)

*Abraham M. Lowenthal, Leon G. Telsey* and *Malcolm S. Mason* for appellant in third above-entitled action. I. Coplaintiff who may have substantial rights to protect has never tried them; plaintiffs who tried their rights neither had nor have substantial rights to protect. II. Even as early as the time of the trial, plaintiffs Raxor and Soria had no such interest attached to good will in the trade-mark " Cetra-Soria " as would have justified injunctive relief under a " Fair Trade " act. (*Old Dearborn Co.* v. *Seagram Corp.*, 299 U. S. 183; *Doubleday, Doran & Co.* v. *Macy & Co.*, 269 N. Y. 272; *Bourjois Sales Corp.* v. *Dorfman*, 273 N. Y. 167; *Eli Lilly & Co.* v. *Schwegmann Bros. Giant Super Markets*, 109 F. Supp. 269, 205 F. 2d 788; *Bristol-Myers Co.* v. *Picker*, 302 N. Y. 61; *Calvert Distillers Corp.* v. *Nussbaum Liq. Store*, 166 Misc. 342; *Sunbeam Corp.* v. *Payless Drug Stores*, 113 F. Supp. 31.) III. At all events, at the time of the decree neither Raxor nor Soria, then the only plaintiffs, had ownership of a trade-mark sufficient to support the judgment of injunction. (*Continental Securities Co.* v. *Interborough R. T. Co.*, 207 F. 467, 221 F. 44; *Van Allen* v. *New York Elevated R. R. Co.*, 144 N. Y. 174; *Israel* v. *Metropolitan Elevated Ry. Co.*, 58 App. Div. 266; *Champion Spark Plug Co.* v. *Reich*, 121 F. 2d 769; *General Elec. Co.* v. *Macy & Co.*, 199 Misc. 87; *Edwards* v. *Steuben Oil Co.*, 264 App. Div. 983; *Leewood Hills* v. *New Rochelle Water Co.*, 255 App. Div. 883, 282 N. Y. 548; *Asserson* v. *City of New York*, 195 App. Div. 12.) IV. The joinder of Capitol Records as coplaintiff after the entry of judgment of injunction gave it a standing to which it was not entitled and which was prejudicial to defendant. V. Defendant's mail-order sales and shipments which are directly interstate are not subject to resale price maintenance under the laws of the State of New York. The McGuire Act neither purports to confer nor does confer

authority on the State of New York to regulate directly or by delegation this branch of defendant's business. VI. Congress cannot constitutionally authorize the States to legislate regulation of directly interstate sales. (*Gibbons* v. *Ogden*, 9 Wheat. [U. S.] 1; *South Carolina Hwy. Dept.* v. *Barnwell Bros.*, 303 U. S. 177; *Southern Pacific Co.* v. *Arizona*, 325 U. S. 761; *Freeman* v. *Hewit*, 329 U. S. 249; *Edwards* v. *California*, 314 U. S. 160; *Milk Bd.* v. *Eisenberg Co.*, 306 U. S. 346; *Di Santo* v. *Pennsylvania*, 273 U. S. 34.)

*Thomas Kiernan, Edgar Barton* and *Howard J. Aibel* for respondent in first above-entitled action. I. The constitutionality of the Feld-Crawford Act has been conclusively established. (*Old Dearborn Co.* v. *Seagram Corp.*, 299 U. S. 183; *Bourjois Sales Corp.* v. *Dorfman*, 273 N. Y. 167; *Eli Lilly & Co.* v. *Schwegmann Bros. Giant Super Markets*, 109 F. Supp. 269, 205 F. 2d 788, 346 U. S. 856, 346 U. S. 905; *Bristol-Myers Co.* v. *Picker*, 302 N. Y. 61; *Guerlain, Inc.,* v. *Woolworth Co.*, 297 N. Y. 11; *Port Chester Wine & Liq. Shop* v. *Miller Bros. Fruiterers*, 281 N. Y. 101; *Perlmutter* v. *Greene*, 259 N. Y. 327; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Klein* v. *Maravelas*, 219 N. Y. 383.) II. General Electric's fair trade contracts comply with the requirements of the Feld-Crawford Act. (*Calvert Distillers Corp.* v. *Nussbaum Liq. Store*, 166 Misc. 342; *Schwegmann Bros.* v. *Calvert Corp.*, 341 U. S. 384; *Gillette Safety Razor Co.* v. *Green*, 167 Misc. 251, 258 App. Div. 723.) III. Despite the fact that General Electric's resale price maintenance activities affect interstate commerce, the fair trade contracts entered into in New York by General Electric are within the Feld-Crawford Act. (*United States* v. *Frankfort Distilleries*, 324 U. S. 293; *Duckworth* v. *Arkansas*, 314 U. S. 390; *California* v. *Zook*, 336 U. S. 725; *People* v. *Bootman*, 180 N. Y. 1; *Bristol-Myers Co.* v. *Picker*, 302 N. Y. 61; *Matter of Rahrer*, 140 U. S. 545; *Prudential Ins. Co.* v. *Benjamin*, 328 U. S. 408; *United States* v. *Underwriters Assn.*, 322 U. S. 533.) IV. The McGuire Act is constitutional. (*Southern Pacific Co.* v. *Arizona*, 325 U. S. 761; *Dean Milk Co.* v. *Madison*, 340 U. S. 349; *Schwegmann Bros. Giant Super Markets* v. *Eli Lilly & Co.*, 205 F. 2d 788, 346 U. S. 856, 346 U. S. 905; *Clark Distilling Co.* v. *Western Md. Ry. Co.*, 242 U. S. 311.)

*Matthew L. Salonger* and *Emil Greenberg* for New York State Pharmaceutical Association, *amicus curiæ* in support of respondent's position in first above-entitled action. I. The question of the constitutionality of the Feld-Crawford Act was presented to this court on several occasions and this court upheld the constitutionality of the Feld-Crawford Act. (*Bourjois Sales Corp.* v. *Dorfman,* 237 N. Y. 167; *Port Chester Wine & Liq. Shop* v. *Miller Bros. Fruiterers,* 281 N. Y. 101; *Calamia* v. *Goldsmith Bros.,* 299 N. Y. 636; *Bristol-Myers Co.* v. *Picker,* 302 N. Y. 61.) II. The Fair Trade Law of this State is a valid exercise of legislative function, both under the New York Constitution and the Constitution of the United States. III. Neither the State nor the Federal Constitution prohibits resale price maintenance. IV. Congress had the power to exempt from the provisions of the Federal antitrust laws activities which Congress decided should be left to the States. (*North Little Rock Transp. Co.* v. *Casualty Reciprocal Exch.,* 181 F. 2d 174, 340 U. S. 823; *Old Dearborn Co.* v. *Seagram Corp.,* 299 U. S. 183; *Joseph Triner Corp.* v. *McNeil,* 363 Ill. 559; *Eli Lilly & Co.* v. *Saunders,* 216 N. C. 163; *Weco Products Co.* v. *Reed Drug Co.,* 225 Wis. 474; *Goldsmith* v. *Mead Johnson & Co.,* 176 Md. 682; *Johnson & Johnson* v. *Weissbard,* 121 N. J. Eq. 585.)

*Harry A. Gottlieb* and *N. H. Elman* for respondent in second above-entitled action. I. The constitutionality of the statutes involved is no longer open to question. (*Old Dearborn Co.* v. *Seagram Corp.,* 299 U. S. 183; *Eli Lilly & Co.* v. *Schwegmann Bros. Giant Super Markets,* 109 F. Supp. 269, 205 F. 2d 788; *Bourjois Sales Corp.* v. *Dorfman,* 273 N. Y. 167; *Bristol-Myers Co.* v. *Picker,* 302 N. Y. 61; *Columbia Records* v. *Goody,* 278 App. Div. 401; *Port Chester Wine & Liq. Shop* v. *Miller Bros. Fruiterers,* 253 App. Div. 188, 281 N. Y. 101; *Nebbia* v. *New York,* 291 U. S. 502.) II. Plaintiff's retail price maintenance agreement complies with the requirements of the Feld-Crawford Act and the McGuire Act. (*Rubin* v. *Dairymen's League Co-op. Assn.,* 284 N. Y. 32.) III. Plaintiff is entitled to an injunction. Defendant has willfully and knowingly advertised, offered for sale and sold Lionel trains and products and is continuing to do so in reckless disregard of the Feld-Crawford Act. (*Columbia Records* v. *Goody,* 278 App. Div. 401.)

*Ambrose Doskow, Howard Kaplan* and *Gerald D. Roth* for Capitol Records, Inc., respondent in third above-entitled action. I. The transfer of the trade-mark does not relieve defendant from liability for his admitted violations of the statute. The original plaintiffs proved their case at the trial, and judgment was properly entered thereon. The order joining Capitol as a party plaintiff is not before this court for review; in any event, that order was entirely proper. (*Bristol-Myers Co.* v. *Picker,* 302 N. Y. 61; *Columbia Records* v. *Goody,* 278 App. Div. 401; *Calvert Distillers Corp.* v. *Nussbaum Liq. Store,* 166 Misc. 342; *Guerlain, Inc.,* v. *Woolworth Co.,* 297 N. Y. 11; *Hawkins* v. *Mapes-Reeve Constr. Co.,* 178 N. Y. 236; *Phillips* v. *West Rockaway Land Co.,* 203 App. Div. 202; *Dunlop* v. *Sweet Bros. Paper Mfg. Co.,* 211 App. Div. 363; *Buck Ridge Coal Min. Co.* v. *Rosoff Engineering Co.,* 215 App. Div. 441; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166.) II. The judgment below correctly applies to defendant's sales and shipments of records to other States. There is no basis for limiting the Feld-Crawford Act to local sales. This application of the statute is authorized by the McGuire Act. III. The Feld-Crawford Act is an exercise of the complete power of the State and applies to all sales made in the State. (*Sunbeam Corp* v. *MacMillan,* 110 F. Supp. 836; *Calamia* v. *Goldsmith Bros.,* 299 N. Y. 636; *Emerson Radio & Phonograph Corp.* v. *Standard Appliances,* 201 Misc. 821; *Leader Theatre Corp.* v. *Randforce Amusement Corp.,* 186 Misc. 280, 273 App. Div. 844; *Matter of Attorney-General,* 32 Misc. 1.) IV. The McGuire Act is constitutional. (*Prudential Ins. Co.* v. *Benjamin,* 328 U. S. 408; *Schwegmann Bros. Giant Super Markets* v. *Eli Lilly & Co.,* 205 F. 2d 788, 346 U. S. 856.)

FROESSEL, J. We are again confronted with an attack upon the so-called Feld-Crawford "Fair Trade Law" (General Business Law § 369-a *et seq.,* L. 1935, ch. 976, re-enacted L. 1940, ch. 195). This statute first came before us for review in *Doubleday, Doran & Co.* v. *Macy & Co.* (269 N. Y. 272), decided January 7, 1936, wherein plaintiff Doubleday sought to enjoin Macy, a nonsigner of its fair trade agreements, from selling three of plaintiff's books at less than their stipulated fair trade prices. We held that the " non-signer " provision was unconstitutional, because by its means the Legislature was indirectly fixing

prices, a result which it could not, absent special circumstances, accomplish directly.

Exactly eleven months later, the Supreme Court of the United States reviewed a similar statute enacted in Illinois, the validity of which was attacked " upon the grounds that it denies due process of law and the equal protection of the laws in violation of the Fourteenth Amendment ". Rejecting these contentions, the Supreme Court held that the statute was not " so arbitrary, unfair or wanting in reason as to result in a denial of due process ", that it did not constitute an unlawful delegation of legislative power, and that it satisfied the test of equal protection of the laws guaranteed by the Fourteenth Amendment (*Old Dearborn Co.* v. *Seagram Corp.*, 299 U. S. 183).

Almost immediately thereafter, the New York statute was again before us in *Bourjois Sales Corp.* v. *Dorfman* (273 N. Y. 167). This time, relying on the *Old Dearborn* decision, we upheld the statute against claims that it violated the *New York State* Constitution. Indeed, Chief Judge CRANE, who wrote for the court in *Doubleday* as well as the *Bourjois* case, said in the latter (p. 172): " Had the *Seagram* [*Old Dearborn*] case been decided before argument in the *Doubleday* case we certainly would have followed the Supreme Court's ruling on the Federal Constitution. We do so now ". The statute has since been considered and applied by us in at least four cases (*Port Chester Wine & Liquor Shop* v. *Miller Bros. Fruiterers*, 281 N. Y. 101 [retailer's right of action]; *Guerlain, Inc.*, v. *Woolworth Co.*, 297 N. Y. 11, certiorari denied 332 U. S. 837 [rebottling of perfumes]; *Calamia* v. *Goldsmith Bros.*, 299 N. Y. 636, remittitur amended 299 N. Y. 795 [cigars in interstate commerce]; and *Bristol-Myers Co.* v. *Picker*, 302 N. Y. 61 [trading stamps as price cutting]), in all of which invalidity of the law under the New York State Constitution was urged upon us by the parties, but rejected.

In each of the three cases now before us, the defendant, a nonsigner of the plaintiff's fair trade agreements, has been enjoined from selling plaintiff's fair traded products at less than their stipulated minimum prices. All of the transactions in issue involve interstate commerce either directly or indirectly, and, since in large measure the issues presented by the three

238

cases are identical, they shall be discussed together, insofar as possible.

Defendants' principal attack is directed toward the constitutionality of the Feld-Crawford Act. They argue that the statute constitutes an unlawful delegation of legislative powers to private persons in violation of section 1 of article III of the New York State Constitution, a deprivation of property without due process of law and a denial of equal protection of the laws in violation of both the New York State and Federal Constitutions, particularly the former.

Seventeen years ago we disposed of the delegation of power and due process arguments in the *Bourjois* case (*supra*). Even though our opinion did not separately and specifically discuss those issues as arising under the State Constitution, they were actually presented and argued to our court, were necessarily disposed of by our decision there, and are therefore no longer open to question.

Defendants' economic and policy arguments concerning the doubtful wisdom of fair trade laws have been urged before the courts over and over again. They were reviewed in the *Old Dearborn* case (*supra,* pp. 195–196), and, as was there said, " Where the question of what the facts establish is a fairly debatable one, we accept and carry into effect the opinion of the legislature "; its determination " is conclusive so far as this court is concerned " (p. 196). Such contentions are properly addressed to the Legislature; they do not alone provide sufficient reason for us to reopen settled constitutional issues.

Nor is there merit to defendants' contention that the statute denies equal protection of the laws. In the *Old Dearborn* case (*supra*) the equal protection argument which was there raised against the Illinois fair trade statute was summarily rejected by the Supreme Court in its holding (p. 197): " Clearly, the challenged section of the Illinois act *satisfies this test* " (emphasis supplied). In the present case, moreover, the statute creates no unreasonable or arbitrary discrimination against low cost, minimum service retailers, as defendants contend. The statute itself does not purport to create any such distinction or classification. Its provisions are wholly inapplicable to unmarked goods. As to marked goods, it merely permits a manufacturer,

whose trade-mark or brand name may represent a large advertising investment and a carefully nurtured good will, to prevent retailers, over whom he would otherwise have little control, from seriously impairing the value of that trade-mark and good will by reselling his identified products at unreasonably low prices. Finally, we have already held that this statute constitutes a reasonable regulation under the police power (*Bourjois* case, *supra*).

Defendants now present a new constitutional challenge by attacking the Maguire Act (66 U. S. Stat. 632, U. S. Code, tit. 15, § 45), which was enacted following the recent decision in *Schwegmann Bros.* v. *Calvert Corp.* (341 U. S. 384). That act exempts from the Federal antitrust laws fair trade agreements made pursuant to existing or future State laws, and permits their enforcement against nonsigners as well as signers who are engaged in interstate commerce. Defendants argue that this enactment gives to the States power over interstate commerce which is denied them under the Federal Constitution.

Beginning with the familiar distinction between commerce which, while primarily local, indirectly affects interstate commerce, and that which is directly of national concern, defendants claim that the latter type of commerce is, by virtue of the Constitution, *exclusively* within the power of Congress, and cannot under any circumstances be regulated by the States. However, this basic distinction is drawn merely to determine the extent of State power in those areas where Congress by its silence has permitted its own power to remain dormant. The distinction does not, as defendants contend, restrict the power of a State acting, as here, under an express grant by Congress (*Prudential Ins. Co.* v. *Benjamin,* 328 U. S. 408, 421–423). As the Supreme Court said in *Southern Pacific Ry. Co.* v. *Arizona* (325 U. S. 761, 769) : '' Congress has undoubted power to redefine the distribution of power over interstate commerce. It may * * * permit the states to regulate the commerce in a manner which would otherwise not be permissible [citations] ''.

It is true that in *Schwegmann Bros.* v. *Calvert Corp.* (*supra*) the Supreme Court held that by the Miller-Tydings amendment (50 U. S. Stat. 693, U. S. Code, tit. 15, § 1), which exempted from the Sherman Antitrust Act only '' contracts or agreements ''.

Congress did not demonstrate an intent to permit fair trade " compulsion " against nonsigners of those agreements. However, the court did not in its opinion indicate that such " compulsion ", if expressly authorized by Congress, would transgress any constitutional prohibition; indeed, the decision contains clear implications to the contrary. The Maguire Act now authorizes such " compulsion ", and its constitutionality has been upheld by the United States Court of Appeals for the Fifth Circuit in *Schwegmann Bros. Giant Super Markets* v. *Eli Lilly & Co.* (205 F. 2d 788), a decision which the Supreme Court twice refused to review (certiorari denied 346 U. S. 856, rehearing denied 346 U. S. 905).

Nor should we for this purpose distinguish between transactions affecting interstate commerce, as in the *General Electric* and *Lionel* cases herein, and those directly in interstate commerce, such as the mail-order sales of the *Raxor* case. Just as in the Feld-Crawford Act, where no distinction is drawn between interstate and local commerce, so the language of the Maguire Act makes no discrimination between sales of goods affecting, and sales directly in, interstate commerce. On the contrary, the purpose of that Federal statute, as expressed by Congress in its preamble thereto, was to permit State fair trade laws to apply to commodities, contracts and activities " in or affecting " interstate commerce. Furthermore, the case of *Sunbeam Corp.* v. *Wentling* (185 F. 2d 903, revd. 341 U. S. 944, mod. 192 F. 2d 7), on which defendants rely so heavily in this connection, was decided prior to the Maguire Act's enactment. That the statute was designed to alter the *Wentling* rule so as to open all interstate commerce to the operation of State fair trade acts, appears from the statutory language as aforesaid, from its legislative history and from judicial decision (*Sunbeam Corp.* v. *MacMillan,* 110 F. Supp. 836).

Defendants further contend that the Feld-Crawford Act was never originally intended by our Legislature to apply to resale price maintenance as against nonsignatories engaged in interstate commerce, and that without re-enactment after passage of the Maguire Act it cannot be so applied. But the case of *People* v. *Bootman* (180 N. Y. 1), on which defendants rest this argument, is inapplicable here. True, we there held that without

re-enactment after passage of the Congressional enabling statute, our State Fish and Game Law was not applicable to interstate game. But there, we had previously held that the statute in question was intended to apply only to *local* game (*People v. Buffalo Fish Co.,* 164 N. Y. 93).

In the instant cases, however, instead of having, by prior decision, limited the Feld-Crawford Act to local commerce, we have squarely held that the statute applies to nonsignatories in *interstate* commerce (*Calamia v. Goldsmith Bros., supra*). Although such application was later declared unconstitutional in *Schwegmann Bros.* v. *Calvert Corp.* (*supra*), passage of the Maguire Act in 1952 removed the final barrier to complete interstate application of the New York statute. Under such circumstances it has long been well established that the Constitution does not require a State statute to be re-enacted in order to be effective (*Matter of Rahrer,* 140 U. S. 545; *Central Pacific R. R. Co.* v. *Nevada,* 162 U. S. 512; *Tua* v. *Carriere,* 117 U. S. 201; 1 Sutherland on Statutory Construction [3d ed.], § 2027).

Each of the defendants contends that its plaintiff's fair trade contracts do not comply with the provisions of section 369-a of the General Business Law. We have examined these contracts separately, and find on the records before us that in each case there were in existence fair trade contracts which did comply with that part of the statute which sanctions such contracts between " vendor " and " buyer ".

Numerous other contentions have been raised by one or more of the defendants. We have carefully considered each of them and find them to be without merit.

The judgment in each case should be affirmed, with costs.

Lewis, Ch. J., Conway, Desmond, Dye and Fuld, JJ., concur; Van Voorhis, J., taking no part.

In each action: Judgment affirmed.