## Sinclair Refining Company *v.* Schwartz, Appellant.

Argued November 16, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

reargument refused January 25, 1960.

*Martin Silvert,* for appellant.

*Robert W. Sayre,* with him *Henry S. Ruth, Jr.,* for appellee.

OPINION BY MR. JUSTICE BOK, December 30, 1959:

The court below, at plaintiff's behest, entered a preliminary injunction.

This confronts us with the familiar rule of review, that on appeal from the refusal, grant or continuance of a preliminary injunction we will seek only apparent reasonable grounds for the action and will not consider the merits or the reasons unless it is plain that no grounds for it exist or that the rules of law relied on are palpably wrong or clearly inapplicable: *Lindenfelser v. Lindenfelser,* 385 Pa. 342 (1956), 123 A. 2d 626.

Plaintiff manufactures, refines, and sells petroleum products, including gasoline known as H-C and Power-X. It advertises widely and its product is known and used throughout the country.

Defendant is a dealer who owns and operates his gasoline service station in Philadelphia. He leased his property to plaintiff for a cent and three-quarters per gallon sold and plaintiff leased or licensed it back to him for a quarter cent. This is not a uniform rate, but varies with the locality of the station and its value to plaintiff.

Acting under what is commonly called the Fair Trade Act (June 5, 1935, P.L. 266; June 12, 1941, P.L. 128, No. 66, 73 P.S. §§7-11; Act of May 29, 1956, P.L. (1955) 1855, 73 P.S. §§12-26, pocket), plaintiff entered into agreements with 112 of its 146 retail dealers in the area, by which the dealers agreed not to sell plaintiff's gasoline at less than stated minimum prices. Defendant was not one of those that signed such an agreement, but Section 2 of the Act makes it unfair

competition to sell at less than the price stipulated in any such contract, and this has been upheld: *Burche Co. v. General Electric Co.*, 382 Pa. 370 (1955), 115 A. 2d 361; *Mathieson Chemical Corp. v. L. & H. Stores, Inc.*, 392 Pa. 225 (1958), 139 A. 2d 897.

The purpose of the Act is to prevent predatory price-cutting and cutthroat competition, and to protect owners and public alike against unfair practices in the distribution of articles of standard quality under a distinguished brand or mark: *Bristol-Myers v. Lit Brothers*, 336 Pa. 81 (1939), 6 A. 2d 843; *Lentheric, Inc. v. F. W. Woolworth Co.*, 338 Pa. 523 (1940), 13 A. 2d 12.

We are told that gasoline has not yet been before our courts, and that appears to be so. There is no difficulty about accepting it within the protection of the Act, since Section 4 defines "commodity" as "any subject of commerce", and the subject of the Act is "any commodity".

The injunction issued by the court below enjoins defendant from selling plaintiff's gasoline at less than the minimum retail prices which formed the subject of plaintiff's dealer agreements and of which defendant had been duly notified. Defendant undersold, alleging that he couldn't stay in business otherwise, and this caused the instant suit.

We think the court's action ill-founded. It is a bit unrealistic to believe that a national gasoline distributor would suffer such irreparable harm as to warrant summary relief from one dealer's selling under the price level. At final hearing it may well be able to show larger harm.

More basic, however, is the notion of competition. In the closely related field of fair sales, the Act of July 1, 1937, P.L. 2672, 73 P.S. §§201-207 was held unconstitutional in *Commonwealth v. Zasloff*, 338 Pa. 457 (1940), 13 A. 2d 67, Mr. Justice STERN saying:

"If the Act confined itself to prohibiting sales below cost when intended to destroy competition, it would undoubtedly be valid . . .". The instant Fair Trade Act of 1935 refers to products which are "in fair and open competition with commodities of the same general class produced by others." Plaintiff's complaint avers that its gasoline is thus competitive in Pennsylvania, but the only evidence adduced in support is the bare statement by plaintiff's single witness: "We are in competition with the major companies in this market . . . [in Philadelphia]." Defendant's answer expressly denies this averment.

We incline to the view that competition may be a self-serving and conclusionary word and that it may not necessarily exist merely because one says it does. Defendant sought to offer evidence to show that it did not exist in fact, but was foreclosed. He also offered unsuccessfully to prove a modification of the price arrangement in plaintiff's telling him that he could sell at any price he wanted. Plaintiff suggests that from observation we could take judicial notice of competition, but it occurs to us that one company's gasoline may not differ in content or quality from that of another merely because they differ in color or advertising slogans, at least in the regular gasolines, which seem to be uniform in price. And observation might reveal only that one man keeps his station neater than the next.

Since competition is the nexus of the Act and has been asserted and denied, the need of proof is obvious.

There are substantial issues that should await development at a full hearing. The current injunction, whose imposition we regard as without basis, should be dissolved.

Decree reversed *cum procedendo*.

Mr. Justice BELL dissents.