**WHITE CROSS STORES, INC., NO. 6,**
Plaintiff,

v.

**ABBOTT LABORATORIES, INC., and**
Walter Alessandroni, Attorney General of the Commonwealth of Pennsylvania,
Defendants.

### Civ. A. No. 63-182.

United States District Court
W. D. Pennsylvania.

April 19, 1963.

' McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for Abbott Laboratories, Inc.

Bessie K. Sack, Sp. Asst. Atty. Gen., Pittsburgh, Pa., for the Atty. Gen. of Pennsylvania.

GOURLEY, Chief Judge.

This is a petition for declaratory judgment originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, raising the state constitutionality (no federal constitutional issue being presented) of the Pennsylvania Fair Trade Law. Pa.Stat.Ann. tit. 73, §§ 7-11.

Under the provisions of the federal Judicial Code, 28 U.S.C.A. §§ 1441, 1446, on the filing of an appropriate bond, an Order was entered on the 13th day of March, 1963, removing the proceeding to the United States District Court for the Western District of Pennsylvania. The petition to remove was based on the legal thesis that diversity of citizenship and judicial amount existed between the plaintiff and Defendant Abbott Laboratories, Inc., and that the action of the

plaintiff against Walter Alessandroni, Attorney General of the Commonwealth of Pennsylvania, did not divest the Court of its diversity jurisdiction even though said defendant was of the same citizenship as the plaintiff, the named Attorney General being merely a nominal defendant.

The immediate matters before this Court are two petitions or motions:

(a) Petition of the plaintiff, White Cross Stores, Inc., No. 6, to remand the proceeding to the Court of Common Pleas of Allegheny County, Pennsylvania.

(b) Petition of Walter Alessandroni, Attorney General of the Commonwealth of Pennsylvania, to dismiss the Attorney General as a party defendant.

The Court has conducted a full and complete hearing, afforded the parties an opportunity to be heard, and considered the briefs filed by the parties and the arguments presented in support of the respective motions.

The only matter involved in the proceeding for declaratory judgment is the constitutionality of said state statute under the Constitution of Pennsylvania. This question has been resolved by the Supreme Court of the Commonwealth of Pennsylvania and the statute declared constitutional. Burche Co. v. General Elec. Co., 382 Pa. 370, 115 A.2d 361 (1955). Plaintiff's counsel presents the argument that if the constitutionality was to be again considered by the Supreme Court of Pennsylvania, there is sound basis to conclude that the constitutionality of said statute would not be sustained. This conclusion is premised on language in Shuman v. Bernie's Drug Concessions, 409 Pa. 539, 545–546, 187 A.2d 660, 663 (1963), in which the Supreme Court of Pennsylvania stated:

"On a broader plain, counsel for appellee also draws into question the ultimate constitutional validity of the nonsigner provision. In accordance with the familiar principle that a court will not decide a constitutional question unless it is absolutely required to do so, we refrain from considering the problem at this time. * * * However, we cannot fail to observe increasing objections to the legality of nonsigner provisions in particular and to the economic soundness of fair trade laws in general. * * * Changing patterns of merchandising and distribution require a reappraisal of the underlying premises of fair trade legislation."

Many legal theories are presented as possible basis for granting the petition for remand and for sustaining the objections which have been filed thereto. The plaintiff argues, inter alia, that since the Uniform Pennsylvania Declaratory Judgments Act, Pa.Stat.Ann. tit. 12, § 831 et seq., provides, inter alia, that if a state statute is alleged to be unconstitutional, the Attorney General of the state shall be served with a copy of the proceeding and be entitled to be heard, Pa.Stat.Ann. tit. 12, § 841, it is necessary to join the Attorney General of the Commonwealth of Pennsylvania as a party; that under the circumstances of this case venue of the action against the Attorney General in Allegheny County is proper, and that, therefore, the requisite diversity is absent.

It is also argued that the validity of the Pennsylvania Fair Trade Act is not a proper subject for declaratory judgment in the United States District Court even if the Attorney General is determined to be merely a nominal party, and diversity be deemed present.

Abbott Laboratories, Inc., objects to the remand and contends:

(a) That jurisdiction exists in the controversy between the plaintiff and Abbott Laboratories, Inc., in that the jurisdictional amount and the requisite diversity are present, the presence of Walter Alessandroni, Attorney General of the Commonwealth of Pennsylvania, as a party not affecting the diversity ju-

risdiction inasmuch as he is merely a nominal party who state law does not require be joined as party defendant and against whom no relief has been asked in plaintiff's complaint, and inasmuch as venue in Allegheny County in an action against the Attorney General is improper.

(b) That the United States District Court should not abstain from exercising jurisdiction in this proceeding since exceptional circumstances do not exist in view of the fact that the Supreme Court of Pennsylvania has decided the legal issue involved and has declared said statute constitutional.

The Attorney General of the Commonwealth of Pennsylvania has moved to have himself dismissed as a party respondent on the thesis that no provision in state law requires the Attorney General to be made a party defendant nor does state law permit him to be sued in any court other than the Court of Common Pleas of Dauphin County.

The Federal Declaratory Judgments Act provides, inter alia, that when a case of actual controversy is within the jurisdiction of the district court, the court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C.A. § 2201.

■ I do not believe this is the type of declaratory judgment proceeding in which the United States District Court should exercise its discretion and assume or take jurisdiction of the proceeding. This conclusion is premised on the reasoning that if jurisdiction of the petition for declaratory judgment is taken, the Court would have no other alternative but to dismiss the proceeding since the state constitutional question has already been determined by the Supreme Court of Pennsylvania and, unquestionably, the United States Court in a diversity action is bound by such decision.

I, therefore, hold that even if diversity and jurisdictional amount were present and the Court had jurisdiction, under the facts and circumstances of this case, I must, in the exercise of the judicial discretion vested in this Court, decline to accept and exercise jurisdiction of this particular proceeding. Furthermore, I hold that the original jurisdiction in this Court required for removal under 28 U.S.C.A. § 1441 is not present, the proceeding is not properly in this Court and it is to be remanded to the State court.

■ The fact that the constitutional question may be reconsidered by the Supreme Court of Pennsylvania in a separate proceeding does not, in my judgment, justify or require this Court to stay the proceeding or any part of it, pending reconsideration by the Supreme Court of Pennsylvania for the reason that if this were done, the sole issue before this Court would have been determined and there would remain nothing for this Court to adjudicate.

In view of the conclusion reached, the other questions raised need not and should not be determined. Since the Court is not assuming jurisdiction, the motion of the Attorney General to dismiss the proceeding against him as a party defendant is not properly before the Court, and I do not decide it nor express any opinion relative to said motion.

An appropriate Order is entered.

### ORDER

AND NOW, this 19 day of April, 1963, IT IS ORDERED AND DIRECTED that the within proceeding will be, and it hereby is, remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.