**TEXACO, INC., Humble Oil & Refining Company, Sinclair Refining Company, and Gulf Oil Corporation**

v.

**Pasquale FIUMARA.**

No. 35208.

United States District Court
E. D. Pennsylvania.

Sept. 30, 1965.

Henry T. Reath, Miles W. Kirkpatrick, John T. Clary, Roebert W. Sayre, Philadelphia, Pa., for plaintiffs.

A. E. Hurshman, Philadelphia, Pa., for defendant.

HIGGINBOTHAM, District Judge.

This matter, which was termed two opinions ago as an "apparently unending carousel of litigation", is again before this Court. Thus with a healthy respect for the persistent clash between lawyers' declining shelf space and the expanding bulk of "new" reported decisions, this opinion must be brief and not too redundant.

All phases of this litigation have been carefully reviewed in Judge Van Dusen's opinions at 204 F.Supp. 544, aff'd per

curiam 310 F.2d 737 (3rd Cir. 1962), cert. denied 372 U.S. 976, 83 S.Ct. 1109, 10 L.Ed.2d 142, and, in his unreported opinions of December 17, 1963, Civil Action No. 33926, and June 14, 1965, Civil Action No. 36386, and in my opinion, Civil Action No. 35208, 232 F.Supp. 757, and in my unreported opinion of May 28, 1965.

In summary, the instant litigation is before this court on a renewed motion by plaintiffs for a preliminary injunction against the defendant, Pasquale Fiuma. Plaintiffs seek an injunction " * * * preliminarily enjoining the said Pasquale Fiumara or his counsel: (1) from filing the proposed complaint which was attached to the Petition for Rule to Show Cause in the Court of Common Pleas No. 5 of Philadelphia County, June Term, 1964, No. 4423, or further prosecuting said complaint; and (2) from commencing or further prosecuting any cause of action in the Courts of Common Pleas of Pennsylvania or any other Court, State or Federal, wherein he asserts a claim for damages against all or any of these plaintiffs, arising out of any alleged concert of action among all or any of the Plaintiff Oil Companies in this action with respect to any claims that arise out of the subject matter involved in Civil Action Nos. 29671 and 33296."

As to the litigation which they seek to enjoin from further proceedings in the Philadelphia Common Pleas Courts, Judge Van Dusen has ruled against plaintiffs by holding that the litigation does not pertain to "a question involving the laws of the United States" as " * * * to sustain its [the U. S. District Court] removal jurisdiction." [Page 2 of Judge Van Dusen's June 14, 1965 opinion, C.A. 36386.]

Thus, on June 14, 1965, Judge Van Dusen entered an order that the "case is remanded to the Court of Common Pleas No. 5 of Philadelphia County, June Term, 1964, No. 4423."[1]

Last year, when similarly denying plaintiffs' request for an injunction, I said: "While I express no opinion as to whether plaintiffs' plea of res judicata or collateral estoppel would be vulnerable because of the above decisions [changes in Pennsylvania law] at least I think that the matter is sufficiently uncertain that Fiumara should not have to risk a contempt citation to test the issue." (232 F.Supp. 757, 760.) My views have still not changed despite the present existence of a specific proposed complaint by Fiumara. The changes in the law previously referred to still exist. See Olin-Mathieson Chemical Corporation v. White Cross Stores, 414 Pa. 95, 98, 199 A.2d 266, 267 (1964) reversing Burche Company v. General Electric Co., 382 Pa. 370, 115 A.2d 361 (1955); Cf. Simpson v. Union Oil Company, 377 U.S. 13, 84 S.Ct. 1051, 12 L.Ed.2d 98 (1964).

■ Of course in defending this matter in the state court, I find and recognize that plaintiffs will have substantial litigation costs as indicated by the testimony of Miles Kirkpatrick, Esquire, and the other affidavits submitted. But their costs must also be weighed against Fiumara's allegation of the extraordinary damages which he claims to have sustained by reason of the defendant's alleged illegal acts which purportedly caused the cessation of a profitable business.

■ A motion for an injunction pendente lite is addressed to the discretion of the District Court. See 7 Moore's Federal Practice, § 65.04(2) at 1630

---

1. As dicta, Judge Van Dusen suggested that "The protection of the integrity of this court's judgment in Civil Action No. 29671 under the doctrine of the Berman case, supra, may be sought either through a renewed application for a preliminary injunction on the present record to Judge Higginbotham in Civil Action No. 35208 or through another civil action seeking such an injunction", and while I concur with Judge Van Dusen's suggestions that these are theoretical alternatives which plaintiffs could pursue. I do not construe these comments of my very learned colleague as holdings that as a matter of law a preliminary injnction must or should be granted to the plaintiffs.

(2nd Ed., 1955). See also Yakus v. United States, 321 U.S. 414, 441, 64 S.Ct. 660, 88 L.Ed. 834 (1944). I have attempted to "balance the convenience of the parties and possible injuries" [2] and upon so doing I again find that at the preliminary injunction stage there has not been a sufficient showing of "irreparable injury" [3] or "manifest wrong of injustice" [4] to warrant the relief now sought.

By so ruling, I am not holding that if Fiumara instituted a suit in this federal court that the defense of res judicata or collateral estoppel would not be applicable. But from my view, there is a mountain of differences between enjoining one from litigating an issue and the honoring of a defense of collateral estoppel or res judicata, and these differences are particularly important when issues of state and federal comity are involved. While plaintiff insists that an injunction is essential to protect the integrity of this court's prior judgment, I cannot believe that the integrity of our judgments are in jeopardy by denying their request at the preliminary injunction stage.[5] There is no reason for me to assume that my equally able colleagues on the state court would not honor or comprehend any appropriate defense of collateral estoppel or res judicata. I am also certain that they will take into consideration the relevant changes in state law which have been discussed in my prior opinion. Also in exercising this discretion, I must be mindful that some of the past "carousel of litigation" has been caused or initiated by some of the plaintiffs; for it was Sinclair which started the first round on January 22, 1959, by filing a complaint in equity in the Common Pleas Court No. 5, Philadelphia County, December Term, 1958, No. 1988, where they obtained a preliminary injunction and later a permanent injunction which was dissolved by the Pennsylvania Supreme Court. After the Supreme Court of Pennsylvania reversed the Common Pleas Court and remanded the matter for the introduction of additional evidence, Sinclair refused to proceed with the trial on the very matter on which it had originally obtained an injunction, and thus the matter was dismissed. Even the last litigation (Civil Action No. 36386) which came before Judge Van Dusen and me was removed to this court by the plaintiffs and if these petitions had not been filed, the substantial past litigation costs would now be somewhat smaller.

None of the parties have submitted proposed findings of fact and conclusions of law; however, to the extent that what I have said in this opinion constitutes findings of fact and conclusions of law, this opinion should be considered as containing them.

For the foregoing reasons, as a matter of discretion, I decline at this point to

---

2. Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 675 (1944).

3. Simms v. Greene, 161 F.2d 87, 89 (3rd Cir., 1947).

4. See American Seeding Machine Co. v. Dowagiac Mfg. Co., 241 F. 875 (6th Cir., 1913) cited in Frink Co. v. Erikson, 20 F.2d 707, 712 (1st Cir., 1927).

5. I of course recognize that a district court has the inherent power, and sometimes the mandatory obligation, to enjoin further litigation under certain circumstances where the matter has been partially or wholly litigated previously in a district court. My refusal to issue a preliminary injunction is not based on any assumption that the district court lacks such inherent powers to protect the fruits of its judgment, but rather my refusal is based on a finding that these extraordinary equitable powers would not here be used wisely if I were to grant a *preliminary* injunction. In the case relied on most strongly by plaintiffs—Silverman v. Constitution Life Insurance Co., 345 F.2d 177 (3rd Cir., 1965), the District Court granted a final injunction rather than a preliminary injunction, and the final or permanent injunction was issued only after plaintiff had had "seven different attorneys or firms of attorneys representing him in this Court alone over a period of almost five years" and after having granted plaintiff "five additional hearings to produce valid evidence or proof of his accusations against the defendant."

grant the preliminary injunction requested.

### ORDER

And now, this 30th day of September, 1965, plaintiffs' motion for preliminary injunction is hereby denied and dismissed; and defendant's motion to dismiss is denied and dismissed.