■ WESTINGHOUSE ELECTRIC CORPORATION, Appellant, v. JAMAICA GAS AND ELECTRIC CO., INC., Respondent.— Order, Supreme Court, New York County, entered on August 8, 1973, modified, on the law, on the facts and in the exercise of discretion, to the extent of granting plaintiff an injunction *pendente lite* herein and otherwise affirmed. Appellant shall recover of respondent $40 costs and disbursements of this appeal. In this action brought pur-

suant to the fair trade provisions of section 369-a *et seq.* of the General Business Law, plaintiff has sufficiently demonstrated that defendant is selling its products at prices below the minimum retail resale prices fixed by plaintiff in fair trade agreements entered into with retail dealers. In fact, sales at less than fair trade prices are admitted by defendant's president in his affidavit submitted to Special Term. Plaintiff's enforcement program has, likewise, been adequately demonstrated. Defendant's expressed dissatisfaction with the present state of the fair trade laws raises matters which are more properly addressed to the Legislature than the courts. It was aptly held in *General Elec. Co.* v. *Masters, Inc.* (307 N. Y. 229, 238) as follows: " Defendants' economic and policy arguments concerning the doubtful wisdom of fair trade laws have been urged before the courts over and over again. * * * Such contentions are properly addressed to the Legislature; they do not alone provide sufficient reason for us to reopen settled constitutional issues." Concur — Markewich, J. P., Nunez and Capozzoli, JJ.; Murphy and Tilzer, JJ., dissent in the following memorandum. Murphy, J. (dissenting) : In light of the assertion by the president of defendant that plaintiff's sales representatives were aware of, and countenanced, defendant's discounting practices over a period of years, we see no justification for interfering with the discretion exercised by Special Term. In passing, it may also be noted that although *General Elec. Co.* v. *Masters, Inc.* (307 N. Y. 229) still represents our current thinking on the wisdom and constitutionality of fair trade laws, a reappraisal, particularly with regard to the nonsigner provisions, would appear to be in order. (See *Corning Glass Works* v. *Ann & Hope, Inc. of Danvers,* 294 N. E. 2d 354 [Mass.].) Tilzer, J. (dissenting) : I concur in the dissenting opinion of Murphy, J. only to the extent that I agree that Special Term properly exercised its discretion in denying the relief in view of the specific allegations that plaintiff has over a long period of time had knowledge of defendant's pricing policies and has not only acquiesced in those policies but indeed, has encouraged them. Settle order on notice, providing for a bond herein.