■ SONY CORPORATION OF AMERICA, Appellant, v. JOSEPH J. JONES AND SONS, INC., Respondent.— Order, Supreme Court, New York County, entered on December 27, 1973, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion for a preliminary injunction is granted. Appellant shall recover of respondent $40 costs and disbursements of this appeal. In this action based upon alleged violations of the Fair Trade Law (General Business Law, § 369-a *et seq.*), plaintiff seeks a preliminary injunction restraining defendant from selling products bearing the brand or name "Sony" at less than the minimum stipulated fair trade contract prices. We believe that plaintiff has demonstrated a clear right to the relief requested. Not only has plaintiff set forth two specific instances in which sales were made at less than the minimum price, but, defendant has in effect admitted that such sales were part of a continuing practice. In such circumstances, plaintiff is entitled to be protected from any further "assault upon [its] good will" (*Bristol-Meyers Co.* v. *Picker*, 302 N. Y. 61, 70), which would necessarily follow if defendant is permitted to engage in its pricing policies. Nor has any adequate reason been shown why the plaintiff should be foreclosed from seeking equitable relief herein. To the contrary, plaintiff has indicated that it has engaged in a rigorous enforcement program, while defendant has failed to set forth any facts demonstrating that plaintiff has otherwise waived or abandoned its rights to enforce pricing agreements as against this defendant. Defendant's contention that the nonsigner provision of the Fair Trade Law is unconstitutional is inappropriately urged in this court in view of the status of the law as it now stands. (See *General Elec. Co.* v. *Masters, Inc.*, 307 N. Y. 229; *Port Chester Wine & Liq. Shop* v. *Miller Bros. Fruiterers*, 281 N. Y. 101; *Westinghouse Elec. Corp.* v. *Jamaica Gas & Elec. Co.*, 44 A D 2d 515.) Concur — Nunez, J. P., Murphy, Tilzer and Moore, JJ.; Kupferman, J., concurring in the following memorandum: Kupferman, J. (concurring): I concur in the result only on the basis that as a matter of the balance of convenience, preliminary injunctive relief would be proper. The question of the constitutionality of the nonsigner provision of the Fair Trade Law is presently in a state of flux and

deserves further consideration. (See *Corning Glass Works* v. *Ann & Hope, Inc. of Danvers*, 294 N. E. 2d 354 [Mass.].) Settle order on notice providing for a bond herein.