**REMINGTON ARMS COMPANY, Inc.,**
a Delaware corporation,
Plaintiff,

v.

**John GATLING, individually, and trading
and doing business as Gatling's Auto
Stores, Defendant.**
Civ. A. No. 12857.

United States District Court,
W. D. Pennsylvania.

Feb. 2, 1955.

Donald B. Heard, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Kenneth E. Rennekamp, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a petition for a permanent injunction to enjoin defendant from violation of the Pennsylvania Fair Trade Act. 73 Pa.P.S. §§ 7 and 8.[1]

A temporary restraining order prohibiting defendant from offering for sale or selling plaintiff's merchandise at less than the stipulated retail resale price was issued November 18, 1954, and upon extended hearing on November 24, 1954, said restraining order was continued in effect until further order of this court.

Jurisdiction of this court is based on diversity of citizenship. In connection therewith, defendant has filed a belated motion to dismiss advancing the thesis that jurisdiction cannot be grounded in this court since the amount in controversy is not sufficient to meet jurisdictional requirements.

The plaintiff annually expends large sums in advertising products identified

1. "§ 7. No contract relating to the sale or resale of a commodity which bears * * * the trade-mark, brand or the name of the producer or owner of such commodity, and which is in fair and open competition with commodities of the same general class produced by others, shall be deemed in violation of any law of the State of Pennsylvania by reason of any of the following provisions which may be contained in such contract:

"(a) That the buyer will not resell such commodity, except at the price stipulated by the vendor.

"(b) That the buyer of such commodity require upon his resale of such commodity that the purchaser from him agree that such purchaser will not in turn resell except at the price stipulated by the vendor of the buyer.

\* \* \* \* \* \*

"§ 8. Wilfully and knowingly advertising, offering for sale, or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of section one * * * whether the person * * * is, or is not, a party to such contract, is unfair competition * * *."

by its trade-marks and brand names. As a result of this advertising, and the intrinsic merit of its products, a valuable reputation and goodwill has been established for these commodities and for the trade-marks and brand names under which they are manufactured and sold. This goodwill is reflected in the large annual volume of sales of plaintiff's trade-marked products.

■ In fair trade enforcement cases the plaintiff need show no dollar damage. The primary purpose of state fair trade laws, including that of Pennsylvania, is the protection and preservation of the goodwill of the manufacturer's trade-mark or brand name by means of resale price maintenance. The sale of a trade-marked commodity at less than the stipulated price constitutes an assault on this goodwill which the Pennsylvania Fair Trade Act is intended to protect. Schwegmann Bros. Giant Super Mkts. v. Eli Lilly & Co., 5 Cir., 205 F.2d 788.

The measure of the jurisdictional amount in fair trade enforcement cases brought in Federal Court under diversity of citizenship is, therefore, the value of the property right which the plaintiff possesses in the goodwill of its products and not the differences between the fair trade and the actual sales price. Calvert Distillers Corp. v. Rosen, D.C., 115 F. Supp. 146; Caron Corp. v. Wolf Drug Co., D.C., 40 F.Supp. 103; Glenwood Light & Water Co. v. Mutual Light, etc., Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174.

In view of the large amount of money which plaintiff annually expends to establish its goodwill through advertising its trade-marked products, and its large annual sales, it is my judgment that the requisite jurisdictional amount is present and the court has jurisdiction of this case.

It appears that plaintiff, Remington Arms Company, Inc., a Delaware Corporation, manufactures and sells a large variety of sporting goods, firearms and ammunition which are identified by trade-marks, brands or names, and which are in free and open competition with commodities of the same general class produced or distributed by others. Plaintiff has written fair trade agreements with certain retailers in the Commonwealth of Pennsylvania, one of which is with Sieg's Outdoor Store located at 909 Liberty Avenue, Pittsburgh 22, Pennsylvania, by the terms of which these retailers agree not to sell items manufactured by plaintiff at less than the established fair trade price. Plaintiff employs a district sales manager whose territory includes the Pittsburgh-Connellsville area.

Defendant wholesales and retails Remington firearms and ammunition purchased from a jobber in Philadelphia.

In spite of the fact that Remington issued a fair trade price list for loaded ammunition, of which defendant had knowledge, defendant placed an advertisement in The Daily Courier, a newspaper of general circulation in Connellsville, Pennsylvania, in which he advertised Remington Shur Shot 12-Gauge Shells $.15 below the established fair trade price.

Remington sent divers letters and telegrams admonishing defendant to sell its goods at the Fair Trade price, and enclosed a copy of the Fair Trade Agreement on firearms and the current price list.

Nevertheless, defendant continued to advertise Remington shot gun shells below the Fair Trade price.

On November 13, 1954, defendant, through one of his store managers, sold a 22-calibre Remington rifle and four boxes of sixteen gauge shot gun shells to a private detective, employed by Remington, for ten percent less than the established Fair Trade list price.

■ Under the Pennsylvania Fair Trade Act, a retailer is guilty of unfair competition if he wilfully and knowingly advertises, offers for sale, or sells a manufacturer's fair trade products at less than their stipulated minimum retail price, regardless of whether he is a party

to a fair trade agreement. General Electric Co. v. Sabreen, D.C., 128 F.Supp. 900.

It has always been my personal conviction that the enactment of Fair Trade legislation among the different states stifles competition and unduly impinges upon a free and untrammeled economy. But the constitutionality of state fair trade legislation is established. Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109; Sunbeam Corp. v. Wentling, 3 Cir., 185 F.2d 903, 904.

██ I must conclude that the evidence adduced at the trial of this case clearly establishes that the defendant wilfully and knowingly violated the Pennsylvania Fair Trade Act by advertising and selling the plaintiff's products at less than their established Fair Trade prices.