LEE–WILSON, Inc., Defendant,
Appellant,

v.

GENERAL ELECTRIC COMPANY,
Plaintiff, Appellee.

No. 4944.

United States Court of Appeals
First Circuit.

May 19, 1955.

Irving Karg, Boston, with whom Fox, Orlov & Cowin, Boston, was on brief, for appellant.

Warren F. Farr, Boston, with whom George C. Caner, Jr., and Ropes, Gray, Best, Coolidge & Rugg, Boston, were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

The appeal here is from an order by the district court granting an application for a preliminary injunction enjoining Lee-Wilson, Inc., from selling at retail electrical appliances bearing the name and trade-mark of General Electric Com-

pany at less than the minimum "fair trade" prices established by General Electric Company pursuant to the Massachusetts Fair Trade Law. Mass. G.L. (Ter.Ed.) Ch. 93, §§ 14A–14D, as added by St.1937, c. 398, as amended.

General Electric Company, a New York corporation, filed its complaint under the local statute against appellant, a Massachusetts corporation, alleging that the plaintiff had entered into numerous fair trade agreements with retail dealers in Massachusetts, pursuant to the Fair Trade Law, under which it stipulated minimum resale prices at retail for electrical appliances manufactured by it and bearing its trade-mark; that the defendant was notified of these agreements and of the fair trade prices stipulated thereunder; that, despite such notice, and in violation of the local statute, the defendant had sold and was continuing to sell electrical appliances manufactured by the plaintiff at prices lower than such fair trade prices. The jurisdiction of the district court was invoked on the basis of diversity of citizenship and an amount in controversy in excess of $3,000.00. 28 U.S.C. § 1332.

Since the issuance of the preliminary injunction now appealed from was preceded by an order of the district court denying a motion to dismiss filed by the defendant, the correctness of this ruling is presently before us for review. The motion to dismiss was "on the ground that the matter in controversy exclusive of interest and costs does not exceed the amount of Three Thousand ($3,000.00) Dollars."

The local statute purports to confer upon manufacturers a right to enforce a policy of retail price maintenance under defined circumstances. Hence the amount in controversy is the value of this asserted right against the defendant for which plaintiff sought protection by injunction. See Gibbs v. Buck, 1939, 307 U.S. 66, 74–75, 59 S.Ct. 725, 83 L.Ed. 1111; Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 1934, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219; Berryman v. Board of Trustees of Whitman College, 1912, 222 U.S. 334, 32 S.Ct. 147, 56 L.Ed. 225.

Appellee's complaint, which was verified as a matter of personal knowledge by affidavit executed by the manager of the Fair Trade Section of General Electric Company, contained the formal allegation that the matter in controversy exceeded, exclusive of interest and costs, the amount of $3,000.00. So far as the sufficiency of the complaint is concerned, this formal allegation was enough unless it appeared "to a legal certainty from the rest of the complaint that the claim is really for less than the jurisdictional amount." Food Fair Stores, Inc. v. Food Fair, Inc., 1 Cir., 1949, 177 F.2d 177, 182; Gibbs v. Buck, 1939, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111. There is nothing in the complaint which negates the formal allegation of the existence of the required jurisdictional amount.

But our inquiry does not stop at this point where, as here, the defendant in an appropriate way challenged the allegation of the jurisdictional amount. At the hearing on the motion, the defendant did not offer to the district court any evidence bearing on the jurisdictional amount, but argued on a priori grounds, we gather, that sales below fair trade prices can never be damaging to a manufacturer. Defendant's motion "did not operate merely as a demurrer, for it did not assume the truth of the bill's averments and assert that in spite of their truth the complaint failed to state a case within the court's jurisdiction." KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 278, 57 S.Ct. 197, 201, 81 L.Ed. 183. This is not changed by the defendant's failure to introduce evidence, because at this point the plaintiff had the burden of proof in support of its jurisdictional allegations. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135.

The complaint, in addition to the formal averment of jurisdictional amount, further alleged that the plaintiff had expended large sums of money in

promoting and advertising said electrical appliances and had established a valuable reputation and good will for the same and for the trade-mark under which they are produced and sold; that said trade-mark had a value in excess of $3,000.00; that the unlawful acts of the defendant, past and threatened, "have caused and threaten to continue to cause irreparable damage to plaintiff and tend to impair and destroy plaintiff's valuable good will and the value of plaintiff's trade-mark. As a result of the said unlawful acts, other retailers in competition with defendant are placed at a competitive disadvantage and therefore purchase fewer of said appliances for resale, promotion of said appliances through cooperative advertising is adversely affected, the threat of a price war exists, and the plaintiff's trade-mark under which said appliances are sold is brought into disrepute with both dealers and the general public." These allegations were sworn to be true to the personal knowledge of an executive of the plaintiff. Certainly a court would not be justified in taking judicial notice that such sworn allegations of damage could not be true. The affidavit then is competent proof that the plaintiff had already suffered damage and would continue to suffer damage through defendant's acts unless enjoined. It is not significant, in an action for injunctive relief, that proof was not offered to show that this damage had already resulted in losses exceeding $3,000.00, since if the affidavit is true it reasonably may be inferred that a continuation of defendant's practices in the indefinite future would eventually impair the value of the right sought to be protected to an amount in excess of $3,000.00. See Remington Arms Co., Inc., v. Gatling, D.C.W.D.Pa.1955, 128 F. Supp. 226, 227.

This being the state of the record, we think that the district court, in denying the motion to dismiss, was justified in concluding at that point that the plaintiff had adequately sustained its burden to support its jurisdictional allegation by a preponderance of the evidence. In Gibbs v. Buck, 1939, 307 U.S. 66, 71–72, 59 S.Ct. 725, 729, the Court said: "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." It may be, therefore, that where a complaint on its face contains allegations sufficient to support the jurisdiction of the court, and where a motion to dismiss for lack of jurisdiction may necessitate the determination of complex questions of fact or of law, the district court may be justified in reserving to a later date the hearing and determination of the motion to dismiss, meanwhile issuing a temporary injunction to prevent a threatened irreparable injury to the plaintiff. Compare United States v. United Mine Workers of America, 1947, 330 U.S. 258, 289–295, 67 S.Ct. 677, 91 L.Ed. 884. But see KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183. However that might be, the district court did not choose to follow such procedure, but upon the contrary heard and denied the motion to dismiss prior to issuing the temporary injunction. At such hearing, both the plaintiff and the defendant were content to rest upon the verified bill and the motion. As above pointed out, the plaintiff at that stage had made a sufficient showing to justify the district court in holding on to the case and issuing the temporary injunction. If the district court, in setting down the motion for hearing, had indicated that that was to be a final full-dress hearing on all issues of fact or law bearing on the existence of the jurisdictional amount, the parties would have had then a last chance to produce all the evidence they had bearing on the jurisdictional issue. In the present case we do not gather that the hearing on the motion to dismiss was of this nature; hence, at some future point in the proceeding, perhaps at the final hearing, if the defendant's answer denies the truth of the formal allegation of jurisdictional amount and of the further allegations of the complaint in support thereof, this issue may again be before the court for determination, with another opportunity afforded to the parties to

**854**

introduce competent evidence on this issue. But of course the burden of proof will remain upon the plaintiff.

On the merits we cannot say that the district court committed an abuse of discretion in issuing the temporary injunction against continuance by the defendant of its policy of selling General Electric products at less than the stipulated resale prices—a policy which the defendant has readily admitted. In compliance with Rule 65(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. the order in question required plaintiff forthwith to give security in the sum of $1,000.00, and appellant has not suggested that this amount was inadequate to protect it in case the plaintiff did not make good its claim at the final hearing.

At this preliminary stage the district court did not undertake to rule upon the defendant's contentions that the Massachusetts Fair Trade Law was unconstitutional under the Fourteenth Amendment to the Federal Constitution, or under corresponding provisions of the Constitution of Massachusetts.

In view of Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 1936, 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109, and Schwegmann Brothers Giant Super Markets v. Eli Lilly & Co., 5 Cir., 1953, 205 F.2d 788, certiorari denied 1953, 346 U.S. 856, 74 S.Ct. 71, 98 L.Ed. 369; 346 U.S. 905, 74 S.Ct. 217, 98 L.Ed. 404, the district court would certainly not have been justified in withholding a temporary injunction on the ground that the state statute was in violation of the Fourteenth Amendment.

And we think that the district court did not commit an abuse of discretion in refusing to withhold a preliminary injunction on the ground that the state statute was probably in violation of the Declaration of Rights in the Massachusetts Constitution. The Supreme Judicial Court of Massachusetts has not so held, though we understand that the question is now pending in litigation before it. In the absence of a decision on this matter of state law by the highest court of the state, decisions of the state superior court upholding the constitutionalty of the law are binding on a federal court in litigation based upon diversity of citizenship. Furthermore, though similar fair trade laws have been held unconstitutional by the highest courts of a few states, under their respective local constitutions, the great weight of authority is to the contrary, as appellant is bound to concede. See, for instance, Lionel Corp. v. Grayson-Robinson Stores, Inc., 1954, 15 N.J. 191, 104 A.2d 304; General Electric Co v. Masters, Inc., 1954, 307 N.Y. 229, 120 N.E. 2d 802.

The order of the District Court is affirmed.