**SUNBEAM CORPORATION, Appellant,**

v.

**John W. RICHARDSON, Joe B. Richardson, John W. Richardson, III, Charles Robert Richardson, partners, d/b/a Richardson Hardware Company, and Barren County Hardware Company, Appellees.**

**No. 12980.**

United States Court of Appeals
Sixth Circuit.
April 11, 1957.

502

Thomas M. Scanlon, Indianapolis, Ind. (Carroll M. Redford, Glasgow, Ky., Barnes, Hickam, Pantzer & Boyd, Raymond W. Gray, Jr., Indianapolis, Ind., Finn & Van Mell, Chicago, Ill., on the brief), for appellant.

Robert M. Coleman, Bowling Green, Ky., Richard L. Garnett, Glasgow, Ky. (Richard L. Garnett, Glasgow, Ky., on the brief), for appellees.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

■ Sunbeam Corporation, an Illinois corporation, filed a complaint in the district court in Kentucky to enjoin appellees from selling trademarked electrical appliances manufactured by Sunbeam, at less than certain prices. Sunbeam sold such products in interstate commerce and maintained so-called fair trade contracts with its dealers in Kentucky. Fair trade contracts are methods by which wholesale and retail resale prices are maintained by the manufacturer of a trademarked product in free and open competition with other brands. Appellees had no dealers' contract, fair trade contract, or any contractual relations with Sunbeam; but they had knowledge of the fair trade contracts between Sunbeam and its dealers, and sold the trademarked appliances at less than fair trade prices.

The Kentucky Fair Trade Act provides that resale prices of trademarked commodities may be regulated by contract, and that violation of a contract by one who offers the commodity at less than the agreed resale prices, is unfair competition and actionable, whether the party so selling the commodity is a party to the agreement or not, if such sale is wilfully and knowingly made. Kentucky Revised Statutes 365.080, 365.090. The McGuire Act of 1952, Title 15 U.S.C.A. § 45(a) provides that contracts prescribing minimum or stipulated prices for the resale of a trademarked commodity shall be exempted from the operation of the Federal Anti-Trust Laws, and that nothing in the Anti-Trust Laws shall render unlawful the exercise of enforcement of any right or right of action created by any State, which provides that wilfully and knowingly selling any commodity at less than the price prescribed in such contracts, is unfair competition and actionable at the suit of any party damaged or injured thereby.

The district court dismissed appellant's complaint on the ground that appellee had signed no agreements with Sunbeam to maintain fair trade prices; that the Kentucky Fair Trade Act was unconstitutional under the Constitution of the State of Kentucky; and that the McGuire Act was unconstitutional under the Constitution of the United States.

In Old Dearborn Distributing Co. v. Seagram Distillers Corp., 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109, an Illinois fair trade statute was attacked on the ground that it violated the due process and equal protection clauses of the Fourteenth Amendment and was an unconsti-

tutional delegation of legislative power to private persons. The state statute provided that noncontracting parties, who had knowledge of a fair trade contract to sell at no less than the minimum resale price stipulated in the contract, were bound in the same manner as though they had executed such a contract, and that their resale at less than such a price was actionable. The Court held that the Illinois Statute did not violate the Federal Constitution.

As to the applicability of state fair trade laws to interstate commerce, Congress, in 1937, enacted the Miller-Tydings Amendment to the Sherman Act, 15 U.S.C.A. § 1, which provided that fair trade contracts, which had been lawful within the state, would, in the future, be lawful in interstate commerce. However, in 1951 the Supreme Court construed the Miller-Tydings Act, and held that the terms thereof did not exempt nonsigners of such contracts from the operation of the Sherman Act. Schwegmann Brothers v. Calvert Distillers Corp., 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035. Almost immediately thereafter, Congress passed the McGuire Act providing that nothing in the Anti-Trust Laws would render the nonsigners provisions of state fair trade acts unlawful when applied to interstate commerce. Since then, the constitutionality of the McGuire Act has been upheld in Schwegmann Brothers Giant Super Markets v. Eli Lilly & Co., 5 Cir., 205 F.2d 788, certiorari denied, 346 U.S. 856, 74 S. Ct. 71, 98 L.Ed. 369. See also S. Klein on the Square, Inc., v. Lionel Corp., 348 U.S. 860, 75 S.Ct. 88, 99 L. Ed. 677, and Masters, Inc., v. General Electric Co., 348 U.S. 892, 75 S.Ct. 215, 99 L.Ed. 701, dismissing appeals for want of a substantial federal question in cases from state courts holding constitutional fair trade acts, similar to that in the instant case.

In United States v. McKesson & Robbins, 351 U.S. 305, 76 S.Ct. 937, 100 L.Ed. 1209, 316, in a case involving the McGuire Act, the court stated that it was not only bound by the limitations marked by Congress, beyond which price fixing may not go, but was also bound to construe such limitations strictly, since resale price maintenance is a privilege restrictive of a free market. The foregoing is certainly persuasive that the Supreme Court views the McGuire Act as not invalid on constitutional grounds. Because of this strong implication, and because of the cases above cited, we are of the view that the district court erred in holding the McGuire Act unconstitutional.

We come then to the determination of the district court that the Kentucky Fair Trade Act violated the Constitution of Kentucky. This question has not yet been passed upon by the Kentucky Court of Appeals, but a case is there pending on that issue, on appeal from the Circuit Court of Jefferson County. In Walker v. Felmont Oil Corp., 6 Cir., 240 F.2d 912, 916, this court noted that "Conflicts in the interpretation of state law, dangerous to the success of state policies, are almost certain to result from the intervention of lower federal courts. * * * 'The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court.' * * * There is no direct ruling by the Kentucky Court of Appeals on this question. No matter how seasoned the judgment of the District Judge may be, it cannot escape being a forecast rather than a determination. * * * Uniformity throughout the State with respect to this important question of property rights is not promoted by the exercise of federal jurisdiction in this case."

Under the circumstances of the instant case, we are of the view that comity and a regard for the consideration of the court of last resort in Kentucky require that the determination of the constitutionality of the State Fair Trade Act under the State Constitution be held in abeyance until the issue has been determined by the Kentucky Court of Appeals. The Circuit Court of Jefferson County, in the case above mentioned, although holding that the Kentucky Fair

Trade Act violated the Constitution of Kentucky, nevertheless, upon the petition of the appellant in that case, continued the status of the case pending the determination of the appeal, upon the execution of a bond by the appellant therein to secure the rights of the party prevailing in the Circuit Court. Consonant with this determination, the judgment of the district court is reversed upon the Federal constitutional issue, and the case remanded to the district court, with instructions to stay further proceedings in the instant case, pending a determination of the validity of the State Fair Trade Act under the State Constitution by the Kentucky Court of Appeals, on such terms as the court may deem proper.