Jacob GREEN, individually and t/a Green
Produce, Plaintiff,

v.

Harry TURKISH, Defendant.

Civ. No. 18018.

United States District Court
E. D. New York.

Dec. 27, 1957.

Harold Krieger, New York City, for plaintiff.

David Siskind, New York City, for defendant.

ZAVATT, District Judge.

The defendant has moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the action herein on the ground that the Court lacks jurisdiction over the subject matter thereof, and on the further ground that the complaint fails to state a claim upon which relief can be granted.

In substance, the complaint alleges diversity of citizenship of the parties; that "the matter in controversy exceeds, exclusive of interests and costs the sum of Three Thousand ($3,000) Dollars"; that the defendant is "engaged in Interstate Commerce in the business of fruit and produce broker"; that in January, 1937, the parties entered into a contract whereby, in consideration "of a brokerage fee of five cents per package plus reimbursement for handling costs and purchase price, defendant was to buy as plaintiff's agent and fiduciary, sundry goods and to render to the plaintiff, a periodic accounting therefor"; that from time to time

thereafter, the defendant made purchases on behalf of the plaintiff, and submitted statements and accounts of such "brokerage operations", in which he "fraudulently and deceitfully and otherwise misrepresented handling costs and purchase prices thereby defrauding plaintiff"; that plaintiff relied to his detriment, and made payment, on the basis of such fraudulently rendered statements of account; that plaintiff has terminated the contract, and has demanded payment of all monies paid by him in excess of payments called for by the contract, which repayment defendant has refused to make; and that plaintiff "has no means of ascertaining the exact amount of monies fraudulently obtained by defendant from plaintiff by virtue of defendant's fraudulent conduct extending over a period of twenty years and which can only be ascertained by a full and complete accounting of all of the defendant's transactions on behalf of the plaintiff with respect to such brokerage relationship".

The plaintiff seeks an accounting by the defendant "for all purchases made, actual costs experienced and monies received, disbursed and retained by him" as a result of his dealings with the plaintiff, and that upon such accounting the plaintiff have judgment for the amount found due as a result of defendant's alleged fraudulent conduct.

 Defendant argues that the complaint does not establish the necessary jurisdictional requirement as to amount in controversy, i. e., that the formal allegation that the matter in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars is negatived by the subject matter of the complaint which contradicts the formal statement, and thereby nullifies it and makes the complaint insufficient. I cannot agree with this position. It is sufficient to allege formally that the matter in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars, unless the complaint contains other allegations which qualify or detract from this formal allegation in such measure that when all are considered together it cannot fairly be said that jurisdiction appears on the face of the complaint. KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183; Olan Mills v. Enterprise Pub. Co., 5 Cir., 1954, 210 F.2d 895, 896. Here, defendant's motion does not traverse the truth of the allegation of jurisdiction as set forth in the complaint, nor does it recite facts not set forth in the complaint, nor is any proof offered by defendant, which would cause this Court to enter upon an inquiry to ascertain whether this action is one over which it has jurisdiction. A fair reading of the complaint is that the amount in controversy exceeds the jurisdictional amount, and that plaintiff has no means of ascertaining the *exact* amount of monies allegedly fraudulently obtained, for which reason he seeks an accounting. So read, it does not appear to a legal certainty that the claim is really for less than the jurisdictional amount. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845; Lee-Wilson, Inc. v. General Electric Co., 1 Cir., 1955, 222 F.2d 850, 852. The instant situation is similar to that in City of Jamestown v. Pennsylvania Gas Co., D.C.W.D.N.Y.1920, 263 F. 437, modified on other grounds and affirmed, 2 Cir., 1924, 1 F.2d 871, where an allegation that injury "though uncertain in amount, aggregates more than $3,000, exclusive of interest and costs," was held to be sufficient. For the foregoing reasons, defendant's motion to dismiss for want of jurisdiction must be denied.

 The defendant claims, further, that the complaint is lacking in the elements necessary to establish a claim for an accounting. In testing the sufficiency of the complaint upon a motion to dismiss for failure to state a claim under Rule 12(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., the allegations of the complaint should be viewed in a light most favorable to the plaintiff, admitting and accepting as true all facts well pleaded. See United States v. New Wrinkle, Inc., 1952, 342 U.S. 371, 72 S.

Ct. 350, 96 L.Ed. 417; 1 Barron & Holtzoff, Federal Practice and Procedure, § 350, p. 619; 2 Moore's Federal Practice, § 12.08, p. 2244. Treating the allegations of the complaint as true, it appears that the defendant, while acting in a fiduciary capacity, embarked upon a course of fraudulent activity for a period of twenty years; that through the rendition of false and fraudulent statements of account, the defendant wrongfully obtained monies from the plaintiff over this period of time; and that the plaintiff has no means of ascertaining the exact amount of such monies, short of a full and complete accounting of all of the defendant's transactions on behalf of the plaintiff. I am of the view that no legal remedy available to the plaintiff will afford the complete and efficient relief available through an accounting, and believe that an action for an accounting is properly grounded upon the facts in the complaint. See Kilbourn v. Sunderland, 1889, 130 U.S. 505, 9 S.Ct. 594, 32 L.Ed. 1005; 4 Pomeroy's Equity Jurisprudence, § 1421, pp. 1078–1079. Accordingly, defendant's motion to dismiss the action for the failure of plaintiff to state a claim upon which relief can be granted will be denied.

Upon the argument of this motion, and subsequent thereto, the Court was advised that the plaintiff has filed an answer and counterclaim to a formal complaint filed by the defendant in a proceeding before the Secretary of Agriculture under the Perishable Agricultural Commodities Act, Title 7 U.S.C.A. § 499a et seq. The plaintiff admits that said answer and counterclaim set forth allegations substantially similar to those in the instant complaint. Defendant now urges that his motion be treated, additionally, as a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Title 28

U.S.C.A., and that the complaint be dismissed on the ground that the plaintiff has elected between remedies by proceeding with his answer and counterclaim before the Secretary of Agriculture.[1]

It is not necessary to determine whether there has been an election of remedies by virtue of the plaintiff's actions, nor what the effect of any such election might be, for here plaintiff has not pleaded a cause of action under the Perishable Agricultural Commodities Act. The remedy, as to which the defendant contends there has been an election, arises where there has been a violation by any commission merchant, dealer, or broker of any provision of Section 499b of Title 7 U.S.C.A. The germane provision of Section 499b makes it unlawful, in connection with any transaction in interstate or foreign commerce

"(4) For any commission merchant, dealer, or broker to make, for a fraudulent purpose, any false or misleading statement *in connection with any transaction involving any perishable agricultural commodity which is received in interstate or foreign commerce* by such commission merchant, or bought or sold, or contracted to be bought, sold, or consigned, *in such commerce* by such dealer, or the purchase or sale of which *in such commerce* is negotiated by such broker * * *." 7 U.S.C.A. § 499b (4). (Emphasis supplied.)

Although plaintiff contends in his brief that "an additional theory" upon which he is proceeding "is cognizable under the provisions of 7 U.S.C.A. 499b (4)", it is clear that the complaint does not allege that the acts complained of arise from transactions in interstate or foreign commerce involving perishable agricultural commodities. For the purpose of stating a claim under the Act, the

1. Title 7 U.S.C.A. § 499e (b) provides: "[Liability under the Perishable Agricultural Commodities Act] may be enforced either (1) by complaint to the Secretary as hereinafter provided, or (2) by suit in any court of competent jurisdiction; but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, and the provisions of this chapter are in addition to such remedies."

allegations that "Defendant at all times herein mentioned was engaged in Interstate Commerce in the business of fruit and produce broker"; that "defendant was to buy as plaintiff's agent and fiduciary, sundry goods"; and that "defendant had been fraudulently and deceitfully overstating handling costs and purchase prices of sundry items", are insufficient. Cf., Iwata v. Western Fruit Growers, 9 Cir., 1937, 90 F.2d 575.

The motion is denied in all respects. The attorney for the plaintiff will settle order on notice.