PARKE, DAVIS & COMPANY, a Michigan corporation, Appellee,

v.

HEALTH CROSS STORES, INC., and White Cross Health and Beauty Aid Discount Centers, Inc., Appellants.

No. 9733.

United States Court of Appeals Fourth Circuit.

Argued March 2, 1965.

Decided July 28, 1966.

Joseph L. Nellis and James Michael Bailey, Washington, D. C. (Stanley B.

Frosh and Camalier, Frosh, Nellis & Dorsey, Washington, D. C., on the brief) for appellants.

James C. McKay, Washington, D. C. (Gerhard A. Gesell and Covington & Burling, Washington, D. C., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

HAYNSWORTH, Chief Judge:

In their appeal, the defendants ask us to hold invalid the "nonsigner" provisions of the Maryland Fair Trade Act and the authorizing provisions of the McGuire Act because of asserted conflict with the constitutions of Maryland and of the United States. The tendered questions are settled. The answers have been proclaimed. We affirm the injunctive order proscribing sales of the branded products at prices below those specified in the fair trade agreements.

The plaintiff, a manufacturer and distributor of prescription drugs and medicines, entered into "fair trade" agreements with some Maryland retailers fixing retail prices for some of its branded and labeled products. The defendants, retailers who have not signed the agreement, sold some of those products at lower prices. Their defense is the purely legal one that application of the statutes to nonsigners such as they is not constitutionally permissible.

The defendants earnestly contend that, as to nonsigners, the Maryland Fair Trade Act is in violation of Maryland's constitutional guaranty of due process and her prohibition of delegations of legislative authority. The Court of Appeals of Maryland, however, in the face of both branches of the attack, has clearly and repeatedly held that the Act is not invalid under Maryland's constitution. Goldsmith v. Mead Johnson & Co., 176 Md. 682, 7 A.2d 176, 125 A.L.R. 1339; Schill v. Remington Putnam Book Co., 179 Md. 83, 17 A.2d 175, 22 A.2d 128; Hutzler Bros. Co. v. Remington Putnam Book Co., 186 Md. 210, 46 A.2d 101, 163

A.L.R. 884; Home Utilities Company v. Revere Copper and Brass, 209 Md. 610, 122 A.2d 109; G. E. M., Inc. v. Plough, Inc., 228 Md. 484, 180 A.2d 478.

■ The interpretations of Maryland's constitution by her highest court are binding upon us under the Rules of Decision Act.[1] The existence of the parallel contention that the same statutes are inconsistent with the federal constitution gives us no leave to rewrite Maryland's constitution or to give its provisions a construction at odds with that of Maryland's Court of Appeals. That court's construction and application of federal constitutional principles would not bind us, but its declarations of the requirements of Maryland's constitution are final and completely authoritative.

Federal questions are asserted, however. It is contended that the nonsigner provisions of the relevant statutes, the Miller-Tydings Act,[2] the McGuire Act[3] and Maryland's Fair Trade Act,[4] are in violation of the due process clauses of the Fifth and Fourteenth Amendments, and that the federal statutes delegate legislative authority in violation of Art. I, §§ 1 and 8 Clause 18) of the Constitution of the United States.

■ The defendants' due process argument was answered long ago in Old Dearborn Distributing Co. v. Seagram Distillers Corp., 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109, 106 A.L.R. 1476. That case cannot be distinguished on the ground that officers of the retailer there had signed a price-fixing agreement, for the retailer asserted, and the Supreme Court assumed, that the retailer's subscription to the agreement was ineffective. See 299 U.S. at 187, 57 S.Ct. 139. Such an assumption was essential before the court reached the basic question posed by "[t]he challenge * * * directed

against § 2," the nonsigner provision of the Illinois statute. See 299 U.S. at 193, 57 S.Ct. 139 et seq. Expressly and necessarily, the case is a refutation of the nonsigners' due process contention. The opinion's discussion of the immediate problem cannot be ignored; the holding cannot be dismissed as dictum.

In a second line of defense, it is suggested that Old Dearborn was undone by Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 71 S.Ct. 745, 95 L. Ed. 1035, 19 A.L.R.2d 1119. The suggestion is unprovocative. Schwegmann, with no discussion of the constitutional problem resolved in Old Dearborn, construed the Miller-Tydings Act as sanctioning state statutes authorizing the fixing of retail prices of branded or labeled goods moving in interstate commerce only to the extent of the contractual obligations of the retailer. The authority of Schwegmann was promptly overturned by the enactment of the McGuire Act which made plain the congressional intention to authorize and exempt from the antitrust laws, the nonsigner, as well as the signer, provisions of state fair trade statutes. The Supreme Court's divisive, narrow construction of the far from explicit language of Miller-Tydings, cannot be converted into a constitutional proscription of congressional power to enact the McGuire Act and a reversal or retraction, sub silentio, of Old Dearborn.

Since then, the Courts of Appeals have consistently declared the constitutionality of the nonsigner provisions of the McGuire Act and implementing state statutes against both the due process and excessive legislative delegation contentions.[5] More importantly, the Supreme Court has declared its own reaffirmation of its holding in Old Dearborn. This was done explicitly in Hudson Distributors,

---

1. 28 U.S.C.A. § 1652.

2. 15 U.S.C.A. § 1 et seq.

3. 15 U.S.C.A. § 45.

4. Art. 83, §§ 102–110, Code of Maryland.

5. Lee-Wilson, Inc. v. General Electric Co., 1 Cir., 222 F.2d 850; Norman M. Morris Corp. v. Hess Bros., Inc., 3 Cir., 243 F.2d 274, 64 A.L.R.2d 750; Schwegmann Bros. Giant Super Markets v. Eli Lilly & Co., 5 Cir., 205 F.2d 788; Sunbeam Corp. v. Richardson, 6 Cir., 243 F.2d 501; G.E.M. Sundries Co. v. Johnson & Johnson, Inc., 9 Cir., 283 F.2d 86.

Inc. v. Eli Lilly & Co., 377 U.S. 386, 84 S.Ct. 1273, 12 L.Ed.2d 394. It was done implicitly in the dismissal of several appeals for the want of a substantial federal question under such circumstances that the dismissals were adjudications of the merits.[6]

It remains to be said only that the McGuire Act, in no sense, represents a delegation of congressional authority.

█ The plenary powers which the Congress derives from the Commerce Clause include the broad discretionary power to prohibit or to authorize state legislation regulating or affecting interstate commerce in designated areas or facets.[7] The Miller-Tydings and McGuire Acts authorize state legislation, but their authorization with their limited exemption from the antitrust acts is not of such legislation as a state may wish to fashion for itself in the area of fair trade. The federal statutes define with care and specificity the state legislation they authorize and sanction. While a state legislature may decide whether it wishes to enact any fair-trade statute affecting transactions in interstate commerce, if it wishes to do so, it must observe the congressional stipulations if its enactment is to be effective. In light of the scope and particularity of those stipulations, the authorizing federal statutes cannot reasonably be said to be a delegation of any congressional authority, much less an unreasonable and impermissive one.[8]

We conclude that the District Court properly enjoined further wilful sales by these nonsigning defendants of the plaintiff's labeled products at prices below those specified in the plaintiff's Maryland fair-trade agreement.

Affirmed.

---

6. Masters, Inc. v. General Electric Co., 348 U.S. 892, 75 S.Ct. 215, 99 L.Ed. 701; S. Klein on the Square, Inc. v. Lionel Corp., 348 U.S. 860, 75 S.Ct. 88, 99 L.Ed. 677; Grayson-Robinson, Stores, Inc. v. Lionel Corp., 348 U.S. 859, 75 S.Ct. 87, 99 L.Ed. 677. In those cases, the retailers appealed from decisions of the New York Court of Appeals (the Masters and S. Klein cases, 307 N.Y. 229, 120 N.E.2d 802) and of the Supreme Court of New Jersey (the Grayson Robinson case, 15 N.J. 191, 104 A.2d 304), which held the McGuire Act to be authorized by the federal constitution. The Supreme Court's dismissals of those appeals from state courts, for want of a substantial federal question, was necessarily a ruling on the merits of the federal constitutional issues. Beck v. McLeod, E.D.S.C. (Three-Judge Court), 240 F.Supp. 708; Wright, Federal Courts (1963 ed.) 430; Stern and Gressman, Supreme Court Practice 251; Hart and Wechsler, The Federal Courts and the Federal System 573–576; Robertson and Kirkham, Jurisdiction of the Supreme Court of the United States, § 58, pp. 104–105.

7. Prudential Insurance Co. v. Benjamin, 328 U.S. 408, 424, 66 S.Ct. 1142, 90 L. Ed. 1342, 164 A.L.R. 476.

8. Schwegmann Bros. Giant Super Markets v. Eli Lilly & Co., 5 Cir., 205 F.2d 788.